## ROSADO v. THE REGISTRAR OF PROPERTY.

### APPEAL from a decision of the Registrar of Property of Caguas.

No. 1.—Decided February 20, 1905.

MORTGAGES—AMOUNT OF VALUATION OF REAL ESTATE.—The summary procedure for the foreclosure of mortgages is an essential part of the Mortgage Law which is in force, and in virtue thereof in mortgage deeds the amount at which the property is valued by the contracting parties must be made to appear, in order that such valuation may be made to serve as a basis for the public sale, in case the mortgage should become due without its payment having been made to appear in the registry of property.

ID.—DEFECT CAPABLE OF CORRECTION—RECORD.—Failure to state the valuation of real estate in a mortgage deed does not necessarily imply that the obligation therein contained is null and void, and for this reason such a defect should be qualified as a defect capable of correction, and it must be so stated in the entry upon the record.

### STATEMENT OF THE CASE.

A hearing was had of this appeal taken by José Rosado y Cañas, through his attorney Wenceslao Bosch, Esq., from a decision of the Registrar of Property of Caguas qualifying as

a curable defect in a certain mortgage instrument the fact that the appraised value of the mortgaged property was not stated therein.

Rafaela Patrón y Ramos executed a public instrument for a loan secured by a mortgage in favor of José Rosado y Cañas, before Juan de Guzmán Benítez, a notary public of this capital, on the 3d day of December ultimo and in the said instrument no statement was made as to the value at which the contracting parties appraised the mortgaged property, in case it should be necessary to offer the same at public sale for failure to pay the indebtedness; the Registrar of Property of Caguas having refused to record the said instrument on the ground that the consent of José Ubarri y Canals, husband of the said Rafaela, did not appear therein, it was thereafter ratified by her aforesaid husband and finally recorded by the registrar, but with the statement that there was a defect in the said instrument because of the fact that the appraised value of the mortgaged property was not stated, which defect he qualified as curable, according to the decision entered by him at the end of the aforesaid instrument, which reads as follows:

"Cautionary notice letter 'A,' contained in the foregoing decision, has been converted into a final record by virtue of the document now filed, as well as an instrument of ratification recorded at folio 44 (over) of volume 21 of this municipality, property No. 1036, entry 3, with the curable defect that no mention is made in the aforesaid instrument of the appraisement of the mortgaged property or waiver of any new appraisement or action tending to that end, as provided by article 127 of the Mortgage Law now in force. Caguas, December 27, 1904. S. Abella Bastón, Registrar."

The interested party not being satisfied with the action of the registrar, the aforesaid José Rosado y Cañas, took an appeal to this Supreme Court, through his attorney Wenceslao Bosch, Esq., praying that the decision of the registrar qualifying as a curable defect contained in the said instrument the fact that the appraised value of the mortgaged property was

not shown therein, be set aside and that the decision of this court be transmitted to the registrar for compliance therewith.

*Mr. Bosch,* for appellant.

MR. CHIEF JUSTICE QUIÑONES, after making the foregoing statement of facts, delivered the opinion of the court, as follows:

The summary proceedings provided for by the Mortgage Law for the foreclosure of mortgage credits are an esssential and integral part of the law itself which has not been repealed by the new Code of Civil Procedure, nor by any other legal provision and, therefore, so long as it stands the provisions of article 127 of the said law must be complied with, pursuant to which the appraised value of the mortgaged premises agreed upon by the contracting parties must be stated in mortgage instruments, to the end that the same may be taken as a basis for the public sale that must be held in case that, upon maturity of the loan, the satisfaction of debt should not appear in the registry of property to have been effected.

The aforesaid requirement not having been complied with in the aforesaid instrument of the 3d of December ultimo, it contains a defect which, though it cannot be qualified as being incurable, as it does not necessarily imply a nullity of the obligation therein contracted, yet, it should be qualified as a curable defect and be so stated in the decision, in compliance with the provisions of the law on the subject, enacted by the Legislative Assembly of this Island, approved March 1, 1902, relative to appeals from the decisions of registrars of property.

In view of the provisions of law hereinbefore mentioned and of article 110 of the Regulations for the execution of the Mortgage Law, the decision of the Registrar of Property of Caguas, entered at the end of the instrument referred to in this appeal, is hereby sustained, and the same shall be transmitted to the registrar, together with a copy of this decision, for his information and other proper purposes.

Justices Hernández, Figueras, MacLeary and Wolf concurred.